IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVENTOR HOLDINGS, LLC, | ) |
|        Plaintiff, | )<br>) |
| v. | ) Civil Action No.1:14-cv-186-GMS<br>) |
| GOOGLE INC., | ) **JURY TRIAL DEMANDED**<br>) |
|        Defendant. | )<br>) |

## JOINT PROPOSED SCHEDULING ORDER

This ___ day of _____ 2014, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on May 29, 2014, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

**1. Rule 26(a) Initial Disclosures**. Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) by **June 30, 2014**.

2. **Infringement and Invalidity Contentions**.

    a. Initial Identification of Accused Products. By or on **June 30, 2014**, plaintiff shall preliminarily identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

    b. Production of Core Technical Documents. By or on **July 30, 2014**, defendant shall produce to plaintiff the core technical documents related to the accused

product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

      c.    <u>Initial Infringement Contentions</u>.  By or on **August 29, 2014**, plaintiff shall produce to defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

      d.    <u>Initial Invalidity Contentions</u>.  By or on **September 29, 2014**, defendant shall produce to plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

      e.    <u>Follow-up Discovery</u>.  Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

    **2.**    **<u>Joinder of Other Parties and Amendment of Pleadings</u>**.  All motions to join other parties and amend the pleadings, except for motions to add a defense of inequitable conduct, shall be filed on or before **September 25, 2014**.  Motions to amend pleadings to add a defense of inequitable conduct may be filed until **February 13, 2015**.

    **3.**    **<u>Reliance Upon Advice of Counsel</u>**.  At the current time, plaintiff has not asserted willful infringement, and therefore there is no need for a deadline for defendant to inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement. To the extent such a defense is later properly added, the parties are required to meet and confer in good faith to set a date for when defendant shall inform plaintiff whether it intends to rely upon advice of counsel as a defense to willful infringement and, if defendant elects to rely on

advice of counsel as a defense to willful infringement, the date defendant shall produce any such opinions on which defendant intends to rely to plaintiff.

4. ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on **May 11, 2015** starting at 9:30 am. The *Markman* hearing is scheduled for a total of two (2) hours with each side having 60 minutes. The parties shall meet and confer by **January 23, 2015** regarding narrowing and reducing the number of claim construction issues, including exchanging proposed terms for construction on **January 9, 2015**, and proposed constructions on **January 15, 2015**. On or before **January 29, 2015**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on **February 26, 2015**, and answering claim construction briefs on **March 26, 2015**. Briefing will be presented pursuant to the court's Local Rules.

5. **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before **May 22, 2015**. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **June 26, 2015**. Rebuttal expert reports shall be served on or before **August 7, 2015**. If any of plaintiff's experts in a rebuttal report were to provide a new opinion on secondary considerations of non-obviousness that goes beyond the opinions expressed in plaintiff's opening expert reports, then defendant's expert that has been retained to rebut the expert that provided the new opinion on secondary considerations of non-

obviousness may serve a reply expert report addressing the new opinion on secondary considerations of non-obviousness on or before August 28, 2015.  Expert Discovery in this case shall be completed on or before **October 28, 2015**.

  a. **Discovery and Scheduling Matters.** Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference.  Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a Joint Letter Agenda, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute.  A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

  b. **Document Production**. Document production shall be substantially complete by **December 15, 2014**.

  c. **Requests for Admission**.  Each party is permitted thirty-five (35) Requests for Admission.  There shall be no limit, however, on the number of requests for

---

[1] Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, including Discovery of Electronically Stored Information" ("ESI") shall govern.

admission that each party may serve directed solely to the authentication of documents and things. The parties are required to meet and confer in good faith prior to serving any requests for admissions directed solely to the authentication of documents and things to determine whether the requests are necessary and/or reasonable.

        d.    **Interrogatories**. Maximum of twenty-five (25) interrogatories by each party to any other party.

        e.    **Depositions**.

            i.    **Limitation on Hours for Deposition Discovery**. Each side may take a maximum of fifty (50) hours of fact depositions (including 30(b)(6) and 30(b)(1) depositions), consisting of a maximum of eight (8) separate depositions, of the other side. Each fact deposition is limited to a maximum of seven (7) consecutive hours. Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties or upon order of the Court upon good cause shown. Third party depositions will not count toward these limitations; however the parties agree that the parties may each take up to thirty-five (35) hours of third party depositions. Expert depositions will not count toward these limitations.

            ii.    **Location of Depositions**. The parties agree that in this case the depositions of party witnesses shall occur in the state where the witness's business office is located or at some other mutually agreeable location.

            iii.    **Limitation on Hours for Expert Deposition Discovery**. The parties agree to meet and confer after the *Markman* hearing to discuss appropriate limits to expert discovery.

**6.    Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

**7.    Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

**8.    Summary Judgment Motions**.  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **November 12, 2015**.  Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **November 25, 2015**.  Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **December 9, 2015**.  If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions**: To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10. **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12. **Pretrial Conference**. On **April 11, 2016**, beginning at 10:00 a.m., the Court will hold a Pretrial Conference, in Chambers for Jury trials and via telephone for Bench trials, with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant

proposes to include in the proposed pretrial order. **Motions *in limine*[2]: NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before **March 31, 2016**.

      14.    **Trial**. This matter is scheduled for a 5 day jury trial beginning at 9:30 a.m. on **April 25, 2016**.

      15.    **Scheduling**: The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

# EXHIBIT A

## PROPOSED DEADLINES

| Event | Deadline |
|---|---|
| Rule 26(a) Initial Disclosures | June 30, 2014 |
| Initial Identification of Accused Products | June 30, 2014 |
| Production of Core Technical Documents | July 30, 2014 |
| Initial Infringement Contentions | August 29, 2014 |
| Joinder of Other Parties and Amendment of Pleadings, Except Inequitable Conduct | September 25, 2014 |
| Initial Invalidity Contentions | September 29, 2014 |
| Disclosure of Reliance upon Advice of Counsel, if Willful Infringement Properly Added to Complaint | Parties required to meet and confer to set a date |
| Document Production Substantially Complete | December 15, 2014 |
| Exchange Proposed Terms for Construction | January 9, 2015 |
| Exchange Proposed Constructions | January 15, 2015 |
| Meet-and-Confer Regarding Claim Construction | January 23, 2015 |
| Final Joint Claim Chart | January 29, 2015 |
| Motion to Amend the Pleadings to Add a Defense of Inequitable Conduct | February 13, 2015 |
| Opening *Markman* Brief | February 26, 2015 |
| Answering *Markman* Brief | March 26, 2015 |
| *Markman* Hearing | May 11, 2015 |
| Close of Fact Discovery | May 22, 2015 |
| Opening Expert Reports | June 26, 2015 |
| Rebuttal Expert Reports | August 7, 2015 |
| Reply Expert Report on Secondary Considerations of Non-Obviousness, If Applicable | August 28, 2015 |
| Close of Expert Discovery | October 28, 2015 |
| Opening Summary Judgment Letter Briefs | November 12, 2015 |
| Answering Summary Judgment Letter Briefs | November 25, 2015 |
| Reply Summary Judgment Letter Briefs | December 9, 2015 |
| Pretrial Order | March 31, 2016 |
| Pretrial Conference | April 11, 2016 |
| Trial | April 25, 2016 |