# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVENTOR HOLDINGS, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:14-cv-00186 (GMS) |
| GOOGLE, INC. | ) ) ) ) | |
| Defendant. | ) ) ) | |

## SPECIAL MASTER OPINION AND ORDER

This opinion is being issued shortly after or simultaneously with a separate Special Master opinion devoted to another protective order dispute in a series of cases in which the same plaintiff has, like in this case, reached an impasse with the defendants. The patent in this case is the '921 patent. It is denominated "Systems and Methods for Suggesting Meta-Information to a Camera User" and ostensibly manifests an invention relating to the field of photo imaging. The infringement allegation in this case pertains to the patent's claim 16 which describes facilitating analysis of a digital image.

The parties have agreed upon almost all of the language of a proposed protective order except for the provision for a patent acquisition bar. The plaintiff does not want such a bar; Google does. Inventor Holdings points to the failure of Google to obtain an acquisition bar in at least one other, very recent infringement case[1] and rhetorically asks why should this case be treated any differently?

---

[1] *Rockstar Consortium US LP v. Google*, C.A. No. 2:13-893-JRG (E.D. Tex., June 19, 2014) [no explanatory opinion from Magistrate Judge Payne is provided for the choice to exclude a patent acquisition bar].

As in the other Inventor Holdings cases subject to my other Special Master opinion, I have been provided with case law and proposed protective order language. Additionally, I conducted a hearing on August 19, 2014 to provide the litigants with an opportunity to present oral argument.

I adopt as if specifically set forth herein the background information related to the plaintiff's attorneys that I cited in my other Inventor Holdings Special Master opinion. I am referring specifically to factual information regarding plaintiff's litigation counsel including that other counsel, not litigation counsel, will prosecute any proceeding at the Patent and Trademark Office on behalf of Inventor Holdings, such that a counsel-by-counsel analysis[2], if one was otherwise appropriate at this point, is unnecessary.

The only question for resolution now is whether a patent acquisition bar is appropriate. Has Google shown good cause to justify such a bar? In this regard, I have neither independently seen nor been referred by the litigants to cases literally articulating which party bears the burden of satisfying the criteria for a patent acquisition bar, so I will assume it to be the defendant in this case. *See: In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010); *Unwired Planet, LLC v. Apple, Inc.*, 2013 WL 1501489, *7 (D. Nev. 2013).

The cases Inventor Holdings cite are not persuasive in the patent acquisition bar arena in light of the potential harm to the provider of source code being accessed by counsel. Given the concerns I expressed in my other Inventor Holdings Special Master opinion about the potential revelation of highly confidential source code material, and the fact that the plaintiff is a

---

[2] *See, U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 (Fed. Cir. 1984).

non-practicing entity[3], it is difficult to envision circumstances in which the inadvertent disclosure of highly confidential information would not be a risk about which to be concerned when the issue being discussed is the future acquisition of patents. *See, E-Contact Technologies, LLC v. Apple, Inc.*, C.A. No. 11-426-LED (E.D. Tex., June 19, 2012).

Unlike the situation in the other Inventor Holdings cases on which I've ruled where the scope of a prosecution bar was at stake and where the necessity of communicating with PTO counsel to prevent inconsistent positions in separate judicial/quasi-judicial contexts was an important consideration, the acquisition of additional patents is an exercise where the plaintiff can rely upon counsel other than any who have seen highly-protected materials. Indeed, the likelihood of litigation counsel being unwittingly converted to a competitive decision-maker for his/her client seems a greater possibility when the acquisition of new patents is the context being considered.

Litigation counsel who have access to Google's critical source code and other highly confidential information should not be permitted to consult with their client strategically under circumstances where an inadvertent disclosure of what they have seen at the defendant's stand-alone computer could potentially be used to harm the defendant. Judge Stark, in *Intellectual Ventures I, LLC v. Altera Corp.*, C.A. No. 10-1065-LPS (D. Del., Aug. 1, 2012), implemented a patent acquisition bar and cited those concerns. Judge Alsup, in *Catch A Wave Technologies v. Sirius XM Radio, Inc.*, No. 12-05791-WHA (N.D. Calif., Aug. 5, 2013), treated the defendant's "crown jewels" the same way, by likewise imposing a patent acquisition bar. I have no basis to decide differently and will follow Judge Stark's approach now. I adopt the

---

[3] *See*, Unwired Planet, LLC, 2013 WL 1501489, *supra* at *3.

defendant's proposed patent acquisition bar language in all respects except the bar's duration, which shall be two years rather than three.

IT IS SO ORDERED.

_____
Paul M. Lukoff
Special Master

Dated: August 27, 2014