**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INVENTOR HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 14-186-GMS |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| GOOGLE INC., | ) |
| | ) |
| Defendant. | ) |

**AGREED PROTECTIVE ORDER**

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**1.    INFORMATION SUBJECT TO THIS ORDER**

Discovery materials produced in this case may be labeled as one of three categories: CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and RESTRICTED CONFIDENTIAL - SOURCE CODE, as set forth in Items A through C below. All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."

    **A.    Information Designated as Confidential Information**

1. For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2. Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 1.A.2, shall be designated by the producing party by informing the receiving party of the designation in writing.

4. Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the receiving party.

5. The following information is not CONFIDENTIAL INFORMATION:

    a. Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

    b. Any information that the receiving party can show was already publicly known prior to the disclosure; and,

    c. Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

6. Documents designated CONFIDENTIAL and information contained therein shall be available only to:

    a. "Outside Counsel":  (i) outside counsel (a) who appear on the pleadings as counsel for a Party and (b) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries, (ii) partners, associates, employees, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel engaged by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and litigation support, or (iii) independent attorneys contracted to assist outside counsel in connection with this action.

    b. Technical advisers and their necessary support personnel, subject to the provisions of paragraph 4 herein, and who have signed the form attached hereto as Attachment A; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party) with whom counsel may deem it necessary to consult and who comply with paragraph 4;

    c. Up to two in-house counsel, who are members of at least one state bar in good

    standing, with responsibility for managing this litigation and one officer level employee of a party who either has responsibility for making decisions dealing directly with the litigation in this action or who is assisting Outside Counsel in preparation for proceedings in this action;

    d. The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and,

    e. Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; independent litigation and eDiscovery support personnel retained in connection with this action; and non–technical jury or trial consulting services not including mock jurors.

**B.    Information Designated Confidential Outside Counsel Only**

1. The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes (a) marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; or, (d) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be treated as if designated CONFIDENTIAL OUTSIDE COUNSEL ONLY. In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

2. Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and information contained therein shall be available only to the persons or entities listed in paragraphs 1.A.6.a, b, d and e subject to any terms set forth or incorporated therein and not any person or entity listed in paragraph 1.A.6.c.

**C.    Information Designated Restricted Confidential - Source Code**

1. The RESTRICTED CONFIDENTIAL - SOURCE CODE designation is reserved for CONFIDENTIAL INFORMATION that contains or substantively relates to a party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code. The following conditions shall govern the production, review and use of source code or design documentation

information.

2. All such Source Code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL - SOURCE CODE," shall be subject to the following provisions:

   a. Source Code, to the extent any producing party agrees to provide any such information, shall be made available for inspection, and shall be made available in electronic format at one of the following locations: (1) the offices of the producing party's primary Outside Counsel of record in this action; (2) a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (e.g., an escrow company); or (3) a location mutually agreed upon by the receiving and producing parties. Any location under (1), (2) or (3) above shall be in the continental United States. Source Code will be loaded on a non-networked computer that is password protected and maintained in a secure, locked area. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, mobile telephones, CDs, floppy disk, portable hard drive, etc.), or any devices that can access the Internet or any other network or external system, is prohibited while accessing the computer containing the Source Code. All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room. Notwithstanding the foregoing, persons inspecting Source Code may use a non-networked laptop to take notes so long as the laptop does not contain a camera. All I/O ports on the laptop must be disabled. Laptops that enter the Source Code inspection room are subject to physical inspection. Furthermore, a laptop that enters the Source Code inspection room shall be placed in a secure location away from the source code computer in an area designated by the producing party, and not moved from the designated area during the inspection. Once the producing party notifies the receiving party that the computer containing Source Code is available for inspection, unless otherwise agreed to by the producing and receiving parties, the computer containing Source Code will be made available for inspection during regular business hours, between 9:00 a.m. and 6 p.m. local time, upon reasonable notice to the producing party, which shall not be less than three (3) business days in advance of the requested inspection.

   b. The electronic source code shall be produced in an uncompressed and unobfuscated human-readable form.

   c. In advance of a Source Code inspection, the parties shall meet and confer about the tools that will be installed on the secured computer for viewing and searching the Source Code produced. The receiving party's Outside Counsel and/or technical advisors may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured

computer at the receiving party's expense if there is a fee associated with obtaining the software tools.  The receiving party must provide the producing party with the CD or DVD containing or an Internet URL link to access such software tool(s) at least five (5) business days in advance of the inspection.  The producing party may decline to install any requested inspection software if the software represents any unreasonable risk of compromising security of the source code or the Source Code computer, or the software could be used for any other illegitimate purpose in contravention of the Protective Order, however if such denial occurs, it may not be unreasonable and the producing party shall inform the receiving party in writing of the reason for the denial.  For emphasis, it should be noted that the tools for reviewing source code may not be used to circumvent the protections of this Protective Order in any way.

d. The producing party may not configure its source code or the stand-alone computer in a manner that allows the producing party to monitor the receiving party's inspection (e.g., key logging, video capture, etc.) of the code.

e. The receiving party's Outside Counsel and/or technical advisor(s) shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes.  All of such notes shall bear the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE".  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

f. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as otherwise provided herein.  However, the producing party shall make available a laser printer having commercially reasonable printing speeds for on-site printing during inspection of the Source Code and a reasonable amount of paper for use with the printer.  The receiving party may print portions of the Source Code when narrowly tailored and reasonably necessary to facilitate the receiving party's furtherance of its claims and defenses in this case.  In no event may the receiving party print more than 25 consecutive pages, or an aggregate total of more than 750 pages, of Source Code during the duration of the case without prior written approval by the producing party, such approval not to be unreasonably withheld or unreasonably delayed.  All printed Source Code will be collected by the producing party.  Within five (5) business days, the producing party will produce the printed pages bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below.  The producing party may produce the printed pages on watermarked or colored paper.  The receiving party may request up to three additional sets (or subsets) of printed Source Code, to be provided by the producing party in a timely fashion.

The receiving party shall not print source code to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing the source code electronically on the stand-alone computer supplied by the producing party. The paper copies must be kept in a secured location at the offices of the receiving party's Outside Counsel at all times. No additional copies of such code may be made except as provided herein.

g. The receiving party will not copy, e-mail, remove, or otherwise transfer any source code from the stand-alone computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. The receiving party will not transmit any source code in any way from the location of the source code inspection. The receiving party may inspect the source code as many times or days as reasonably necessary for preparation of its case until the hearing date on any dispositive motions or the close of expert discovery, whichever is later. For good cause, the receiving party can inspect the source code after the later of the hearing date on any dispositive motions or the close of expert discovery, up to and including trial. If the producing party contends that good cause does not exist and objects to such inspection, lead and local counsel for the parties to the dispute shall meet and confer within twenty-four (24) hours of the request to inspect and attempt to resolve the dispute. If the dispute is not resolved, such lead and local counsel shall agree to an expedited briefing schedule for the receiving party to file the appropriate motion and for producing party to respond.

h. If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days. If after meeting and conferring the producing party and the receiving party cannot resolve the objection (where such meet-and-confer need not take place in person), the producing party shall contact the Court's Case Manager to schedule an in/person conference/argument to seek relief by way of a protective order from the Court pursuant to the Scheduling Order in this action. The producing party must use its power to object reasonably and may not, for example, make an objection simply to introduce delay or attempt to discover privileged information. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court. If the producing party does not seek a Court resolution, then the printouts shall be provided.

i. Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or

otherwise duplicated, except as otherwise provided herein.

j.  Any paper copies designated "RESTRICTED CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel for the receiving party, (ii) the offices of technical advisors who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.

k.  A list of names of persons who will view the Source Code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. The producing party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log. The producing party may visually monitor the activities of the receiving party from outside the Source Code viewing room (e.g., through a glass wall or window) only to ensure that there is no unauthorized recording, copying, or transmission of the source code or information concerning the source code, so long as the producing party does not intentionally make any efforts to hear the receiving party's discussions or see the contents of the receiving party's notes or the display of the source code computer.

l.  Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's Outside Counsel and/or technical advisors shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The producing party shall not be responsible for any items left in the room following each inspection session.

m.  Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts (including transient electronic copies) as necessary to use as exhibits to deposition, or to file, draft, and serve expert reports or court filings. The receiving party may create an electronic image of a limited excerpt of the "RESTRICTED CONFIDENTIAL - SOURCE CODE" only when the electronic files containing such an image has been encrypted using commercially reasonable encryption software including password protection and the password sent under separate cover.

n.  Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

7

      i. Outside Counsel for the parties to this action;

      ii. Up to three (3) technical advisors per party, pre-approved in accordance with paragraph 4 and specifically identified as eligible to access Source Code. The number of technical advisers may be increased for good cause after a meet and confer among the producing and receiving parties. If the producing party objects to the receiving party's request for an increase, the parties shall contact the Court's Case Manager to schedule an in-person conference and/or argument to seek relief by way of a protective order from the Court pursuant to the Scheduling Order in this action.

      iii. The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

      iv. While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; (iii) any person who authored, previously received (other than in connection with this litigation), was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

o. The receiving party's Outside Counsel shall maintain a log of all copies of the Source Code (received from a producing party) that are delivered by the receiving party to any qualified person under paragraph 1.C.2.n above. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code.

p. Except as otherwise provided herein, the receiving party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The receiving party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall

only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. The receiving party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

q. To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL - SOURCE CODE.

r. All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

s. The receiving party's Outside Counsel may only disclose a copy of the Source Code to individuals specified in paragraph 1.C.2.n above (e.g., Source Code may not be disclosed to in-house counsel).

**D.     Use of Protected Information at Trial**

A party shall provide a minimum of two business day's notice to the producing party in the event that a party intends to use any Protected Information during trial. In addition, the parties will not oppose any request by the producing party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Information.

**2.     PROSECUTION BAR**

**A.**     Any person reviewing any of another party's Confidential Materials, Confidential Outside Counsel Only Materials or Source Code (all of which shall also be automatically designated as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of

such information and ending two years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) involving claims on systems and methods for photo tagging (the "Relevant Technology").

    **B.**  Prosecution Activity shall mean participation in any way in: (i) competitive decision making involving preparation or prosecution of patent applications or advising or counseling clients regarding the same; (ii) participating in any reissue proceedings on behalf of a patentee or assignee of patentee's rights; or (iii) drafting, reviewing, approving or prosecuting any portion (e.g., any claim, any figure, or any specification language) of a patent application (including, but not limited to, provisional, non-provisional, original, continuation, continuation-in-part, divisional, reissue, and/or continued prosecution applications) or any portion of any amendment, response, reply, or other paper associated with prosecuting the patent application, reexamination, inter partes review (except as indicated below), post grant review, covered business method review, or any other proceeding at the U.S. Patent and Trademark Office (including the United States Board of Patent Appeals and Interferences) or any foreign agency responsible for examining or issuing patents. Nothing in this provision shall, (1) prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor, (2) prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client, or (3) preclude any person who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's Prosecution Bar Materials under this Order from participating in any post-grant proceeding, including inter partes reviews, except that such persons may not directly or indirectly assist in drafting, amending or proposing for substitution patent claims in any post-grant proceeding. The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviewed Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm. Individuals who work on this matter without reviewing protected material marked RESTRICTED CONFIDENTIAL - SOURCE CODE shall not be restricted from engaging in Prosecution Activity on matters that fall within the Prosecution Bar. This prosecution bar may not be applied to operate retroactively against any person who receives an inadvertently mis-designated or undesignated document that is later corrected pursuant to paragraph 9.B below.

**3.**  **ACQUISITION BAR**

    **A.**  Any person reviewing any of an opposing party's Confidential Materials, Confidential Outside Counsel Only Materials or Source Code shall not, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals) engage in any Acquisition Activity (as defined below) on behalf of a party asserting a patent in this case.

    **B.**  Acquisition Activity shall mean any activity related to: (i) the acquisition of

patents or patent applications (for any person or entity) relating to the Relevant Technology; or (ii) advising or counseling clients regarding the same, with the exception of providing advice regarding the validity of any patent or patent application.

**4.     DISCLOSURE OF TECHNICAL ADVISERS**

   **A.**   Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel.

   **B.**   No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under paragraph 4.C, that objection is resolved according to the procedures set forth below.

   **C.**   The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, employment history for the past ten years, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. The producing party shall have five (5) business days after receiving a signed copy of Attachment A to object in writing to the disclosure. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

   **D.**   A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection. The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

   **E.**   If the producing party objects, the parties shall meet and confer to attempt to resolve the objection within five (5) business days of the objection. If after meeting and conferring the producing party and the receiving party cannot resolve the objection (where such meet-and-confer need not take place in person), the producing party shall contact the Court's Case Manager to schedule an in/person conference/argument to seek relief by way of a protective order from the Court pursuant to the Scheduling Order in this action. If the producing party fails to seek relief from the Court within seven (7) business days of the meet and confer, such failure shall operate as an approval of disclosure of Protected Information to the technical adviser. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

     **F.**    The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser.

     **G.**    A party who has not previously objected to disclosure of Protected Information to a technical adviser or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to a technical adviser at a later time with respect to materials or information that are produced after the time for objecting to such a technical adviser has expired. Any such objection shall be handled in accordance with the provisions set forth above in paragraph 4.B through 4.F.

**5.**    **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

     **A.**    The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

     **B.**    A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

     **C.**    Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

**6.**    **LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

     **A.**    All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

     **B.**    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

          1.    A present director, officer, and/or employee of a producing party may be

examined and may testify concerning all Protected Information that has been produced by that party when (a) the director, officer, and/or employee has had or is eligible to have access to the Protected Information by virtue of his or her employment with the producing party; (b) the director, officer, and/or employee of the producing party designated has been designated as a witness under Fed. R. Civ. P. 30(b)(6) for topics relating to the Protected Information; (c) the director, officer, and/or employee is identified in the Protected Information as an author, addressee, or recipient of such information; or (d) the director, officer, and/or employee, although not identified as an author, addressee, or recipient of such Protected Information, has, in the ordinary course of business, seen such Protected Information or has personal knowledge about such Protected Information or its subject matter.

    2.  A former director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information that has been produced by that party when (a) the former director, officer, and/or employee has been designated as a witness under Fed. R. Civ. P. 30(b)(6) for topics relating to the Protected Information; (b) the former director, officer, and/or employee is identified in the Protected Information as an author, addressee, or recipient of such information; or (c) the former director, officer, and/or employee, although not identified as an author, addressee, or recipient of such Protected Information, has, in the ordinary course of business, seen such Protected Information or has personal knowledge about such Protected Information or has personal knowledge about a later version or revision of such Protected Information.  Nothing in the foregoing shall preclude or otherwise limit the producing party's ability to object to (i) the use of the document during questioning or (ii) the admissibility of any such testimony.

    3.  The witness, although not identified as an author, addressee, or copy recipient of the Protective Information, has, in the ordinary course of business, seen such Protected Information.

    4.  Non-parties may be examined or testify concerning any document containing Protected Information that appears on its face or from other documents or testimony to have been received from, or communicated to, the non-party as a result of any contact or relationship with the producing party.  Any person other than the witness, his or her counsel, and any person qualified to receive Protected Information under this Protective Order shall be excluded from the portion of the examination concerning such material, absent the consent of the producing party.  If the witness is represented by an attorney who is not qualified under this Protective Order to receive Protected Information, then prior to the examination, the attorney shall provide a signed Confidentiality Agreement in the form attached hereto as Attachment A, declaring that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  If such attorney declines to sign such a Confidentiality Agreement before the examination, the parties, by their counsel, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Protected Information.

      **C.**     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

      **D.**     Outside Counsel for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.  Notwithstanding the foregoing and with regard to material designated as Restricted Confidential - Source Code, the provisions of paragraph 1.C. are controlling to the extent those provisions differ from this paragraph.

      **E.**     Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

      **F.**     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL," "CONFIDENTIAL  OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" by the reporter.  This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript.  Deposition transcripts shall be treated by default as CONFIDENTIAL OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

      **G.**     Each party receiving Protected Information shall comply with all applicable export control statutes and regulations.  See, e.g., 15 CFR 734.2(b).  No Protected Information may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  No Protected Information may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form.  The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly

prohibited. Notwithstanding this prohibition, Protected Information, exclusive of material designated RESTRICTED CONFIDENTIAL ‐ SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

**7.     NON-PARTY USE OF THIS PROTECTIVE ORDER**

   **A.**   A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

   **B.**   A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

**8.     NO WAIVER OF PRIVILEGE**

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the production of privilege or work-product-protected documents in this case as part of a production is not itself a waiver in this case or in any other federal or state proceeding. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced. When a producing party or receiving party identifies such privileged or protected information, a receiving party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to which the receiving party disclosed the information; (3) shall within five business days of the producing party's request return to the producing party or destroy the information and destroy all copies thereof; and (4) shall confirm to the producing party the destruction under (3) above of all copies of the information not returned to the producing party. If the receiving party challenges the propriety of the claim of attorney-client privilege, work product immunity, or other applicable privilege or immunity from discovery, the parties agree not to dispute whether any production was inadvertent as part of such a challenge. That is, the receiving party shall not assert as a ground for challenge the fact of the initial production, or the later claim of privilege or immunity. Notwithstanding this provision, Outside Counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

**9.     MISCELLANEOUS PROVISIONS**

   **A.**   Any of the notice requirements herein may be waived, in whole or in part, but

only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

   **B.**  Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

   **C.**  Within sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information, not embodied in physical objects and documents shall remain subject to this Order. In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for archival purposes only. If a party opts to destroy CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information, the party must provide a Certificate of Destruction to the producing party.

   **D.**  If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the party to whom the referenced subpoena is directed

16

may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

  **E.** Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a party and that party's technical advisor, and all materials generated by a technical advisor with respect to that person's work, are exempt from discovery unless they relate to the technical advisor's compensation or identify facts, data or assumptions relied upon by the testifying expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

  **F.** No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

  **G.** This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

  **H.** The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the District of Delaware.

  **I.** Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

  **J.** Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
| STAMOULIS & WEINBLATT LLC | POTTER ANDERSON & CORROON LLP |
| By:   */s/ Richard C. Weinblatt* | By:   */s/ David E. Moore* |

STAMOULIS & WEINBLATT LLC

By:   */s/ Richard C. Weinblatt*
    Stamatios Stamoulis (#4606)
    Richard C. Weinblatt (#5080)
    Two Fox Point Centre
    6 Denny Road, Suite 307
    Wilmington, DE 19809
    Tel: (302) 999-1540
    stamoulis@swdelaw.com
    weinblatt@swdelaw.com

*Attorneys for Plaintiff Inventor Holdings, LLC*

POTTER ANDERSON & CORROON LLP

By:   */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Defendant Google Inc.*

OF COUNSEL:

Kevin Hardy
Samuel Bryant Davidoff
Adam D. Harber
Bryant Hall
WILLIAMS & CONNOLLY LLP
725 Twelfth St., NW
Washington, DC 20005
Tel: (202) 434-5000

SO ORDERED, this _____ day of _____, 2014

_____
Hon. Gregory M. Sleet
United States District Judge

1164592/41296

**ATTACHMENT A TO THE AGREED PROTECTIVE ORDER
CONFIDENTIAL AGREEMENT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INVENTOR HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 14-186-GMS |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| GOOGLE INC., ) | |
| ) | |
| Defendant. ) | |

1. My name is _____.

2. I reside at  _____.

3. My present employer is  _____.

4. My present occupation or job description is _____.

5. I have read the Agreed Protective Order dated_____, 2014, and have been engaged as_____on behalf of _____in the preparation and conduct of litigation styled *Inventor Holdings, LLC v. Google Inc.*, No. 14-cv-186-GMS.

6. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

7. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8. In accordance with paragraph 4.C of the Agreed Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

9. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
Executed on                                      , 20____.